[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PETITION FOR EMANCIPATION
In October, 2002, the mother of the above listed minor, Sandra M., petitioned this court to emancipate her minor daughter, respondent Jessica M., aged sixteen years. Her petition for emancipation was based on CGS Sec. 46b-150b (4). Counsel was appointed to represent Jessica.
The petitioning mother alleged that the respondent was recalcitrant, refusing to comply with the rules of the home or listen to her mother. The petitioner also indicated that she did not get along with her daughter and that the situation was causing her stress. Finally, the petitioner stated that she did not wish to be liable for the respondent's acts and that she wanted the respondent to "learn on her own". The petitioner also alleges that the respondent is apparently under the supervision of a local juvenile probation officer.
At the 12/11/02 hearing, the petitioner maintained her position seeking emancipation, describing the respondent as "headstrong". The respondent, through her counsel, also sought emancipation based on CGS Sec. 46b-150b, subsections (1), (3) and (4). In support of this, the respondent, through counsel, produced a marriage license and marriage certificate showing that she was married on 11/8/02 in the City of Waterbury. The respondent also represented that she was:
1. living apart from her mother in a room with her husband;
2. working two jobs;
3. Furthering her education through adult education.
The situation presented here is disturbing and disheartening, yet all too common in our turbulent society. Here, a parent presents herself as being frustrated and at her wits' end with her fractious, and intractable youth. On the other hand, we have a youth who has entered into a CT Page 15334-aj marriage, with the mother's approval, to a twenty-two year old man, for whatever reasons that she may have thought valid and legitimate at the time.
In the case of In re Thomas C., 44 Conn. Sup. 437 (1996), Judge Dyer wrote the following;
 The rights of parents to raise and to nurture their children are among the most fundamental and basic of human rights. "It is cardinal with us that the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder." (Internal quotation marks omitted.) Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). From that premise flows the corollary that parental obligations and responsibilities cannot be lightly shed or abrogated by a child's parent or guardian. See Mills v. Theriault, 40 Conn. Sup. 349, 353, 499 A.2d 89
(1985); In re Bruce R., 34 Conn. App. 176, 640 A.2d 643, cert. granted, 230 Conn. 902, 644 A.2d 915 (1994). Although unfortunate, it is one of the realities of life that parents must shoulder burdensome responsibilities for children who misbehave, or become physically or emotionally ill. A decree legally excusing parents from the obligations and duties of parenthood should not be granted without a substantial reason. Although the petitioners' stated reasons for seeking emancipation are understandable, the court finds that they do not meet the burden of a good cause showing that it would be in the best interest of the child, or his parents, to emancipate Thomas.
The respondent presented herself as a callow youth who has not strayed far from childhood, despite her attempts to assume the heavy mantle of adulthood. Only time will show whether her decisions and acts so far will have been in her best interests in the long term. The court has sincere doubts as to whether this petitioner could function responsibly as an emancipated youth and make the necessary decision an appropriate manner without the mature assistance and guidance of her mother.
The court is aware that the respondent youth has entered into the institution of matrimony with a twenty-two year old man. However, a review of the statutes and the case law do not indicate that such a CT Page 15334-ak commitment, whether wise or rash, require this court to emancipate any youth so institutionalized. It appears that the decision is still left to the court, based upon the best interests of the youth.
Accordingly, the court finds that neither the respondent nor the petitioner have met the burden of a good cause showing that it would be in the best interest of the youth, or her parents, to emancipate the respondent Jessica M.
For all of the aforementioned reasons, the petition for emancipation is hereby DENIED.
 ___________________ Taylor, J.
CT Page 15334-al